**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

HENRY CALLAWAY,

            Plaintiff,

  v.

UNITED STATES DEPARTMENT OF
TREASURY, *et al.*,

            Defendants.

Civil Action No. 04-1506 (RWR)

**MEMORANDUM OPINION**

Defendants have filed a Second Renewed Motion for Summary Judgment ("Defs.' 2d Renewed Mot.").[1] For the reasons stated below, summary judgment will be granted for defendants.

I.  BACKGROUND

Plaintiff brought this action pursuant to the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to challenge responses to requests for information submitted to the Executive

---

[1] Also pending is plaintiff's Motion to Alter or Amend Judgment, which will be treated as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b). Plaintiff does not cite Rule 60(b) in his motion and therefore does not specify the provision on which he relies. It appears that only the "catch-all" clause of Rule 60(b)(6) would apply.

"[M]otions to reconsider under Rule 60(b)(6) apply only to 'extraordinary situations' and 'should be only sparingly used.'" *United States v. Pollard*, 290 F. Supp. 2d 153, 157 (D.D.C. 2003) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988)). A careful review of plaintiff's motion reveals that he raises the same arguments set forth in his previous filings. Absent a showing of extraordinary circumstances to warrant relief under Rule 60(b)(6), the motion must be denied.

Office for United States Attorneys ("EOUSA") and to the United States Customs Service ("Customs") in May 1998.  The August 31, 2007 Memorandum Opinion and Order concluded that the EOUSA properly withheld accounts of grand jury witness testimony under Exemption 3. Further, the Opinion concluded that Customs' search for records responsive to plaintiff's FOIA request was adequate and that it properly withheld information under Exemptions 2, 7(C), 7(D) (regarding one confidential informant under an implied assurance of confidentiality), 7(E), and 7(F).  Both defendants released all reasonably segregable information, and the defendants' Renewed Motion for Summary Judgment motion was granted in part on these issues.

Defendants' motion was denied in part without prejudice, however, for two reasons. First, the EOUSA's search for records responsive to plaintiff's request for Kenneth Sanders' proffer statement was inadequate.  Second, Customs failed to explain its reasons for withholding under Exemption 7(D) the identities of and information provided by confidential sources providing information under an express grant of confidentiality.  Defendants have addressed these matters in their Second Renewed Motion for Summary Judgment.

## II.  DISCUSSION

### A.  Kenneth Sanders' Proffer Statement

In a narrowed request to the EOUSA, assigned Request No. 98-2163-S, plaintiff sought four specific items, one of which was "a clean legible copy of KENNETH SANDERS['] PROFFER STATEMENTS TO THE GOVERNMENT."  Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment ("Defs.' Mot."), Kornmeier Decl., Ex. C at 1 (emphasis in original).  The items pertained to plaintiff's criminal case, No. 95-290-CR-T-21(E), in the United States District Court for the Middle District of

Florida, Tampa Division.  *See id.*  "All documents relating to [plaintiff] and his co-defendants [were] compiled together in plaintiff's criminal case file."  Defs.' 2d Renewed Mot., Galbán IV Decl. ¶ 2.  Staff at the United States Attorney's Office for the Middle District of Florida ("USAO/MDFL") searched the criminal file on several occasions for a document that was entitled "proffer statement."  *See id.* ¶¶ 3, 5; Memorandum of Points and Authorities in Support of Defendants' Renewed Motion for Summary Judgment, Galbán III Decl. ¶ 5.

Plaintiff persuasively argued that a proffer statement might be included in more than one type of document.  *See* Plaintiff's Opposition to Defendants' Supplemental Statement of Material Facts As To Which There Is No Genuine Issue at 5.  The Court concurred, finding that it may not have been reasonable to limit its search for a document entitled "proffer statement."

In its supporting declaration, the EOUSA clarifies that the searches for a proffer statement made by Kenneth Sanders were not "limited [] by looking solely for documents that were entitled 'proffer statement.'"  Defs.' 2d Renewed Mot., Galbán IV Decl. ¶ 4. Rather, staff "searched by looking for any references to Kenneth Sanders' name and then examining the content of any information pertaining to him."  *Id.*  Plaintiff responded that "from all documents and declarations submitted by the defendants . . . the adequacy of searches . . . pertaining to KENNETH EDWARD SANDERS' proffer statements are sufficient enough to warrant the granting of summary judgment to defendant[] EOUSA."  Plaintiff's Motion in Non Opposition In Part to Defendants['] Second Renewed Motion for Summary Judgment at 1.  Accordingly, defendants' motion with respect to the Sanders proffer statement will be granted as conceded.

### B. Exemption 7(D)

Customs withheld "the identit[ies] of and information provided by confidential sources the disclosure of which would impede law enforcement investigations." Defs.' Mot., Fields I Decl. ¶ 38. "All except one of [the] confidential sources in this case were granted express confidentiality." *Id.* Because Customs provided no further explanation or evidence that these particular sources "spoke with an understanding that the communication would remain confidential," *United States Dep't of Justice v. Landano*, 508 U.S. 165, 172 (1993), Customs failed to justify its decision to withhold this information under Exemption 7(D). The agency addressed this deficiency in the instant motion.

According to Customs' supporting declaration, the information withheld under Exemption 7(D) was "contained in various Reports of Investigation (ROIs) pertaining to an underlying criminal investigation involving the plaintiff." Defs.' 2d Renewed Mot., Marshall Decl. ¶ 7. These reports "document from inception through completion all activities associated with the investigation," *id.*, and "contain information that detail[s] the activities of confidential sources that were utilized in the investigation." *Id.* ¶ 8. Review of the reports showed that "all but one of these confidential sources are identified . . . by a source symbol code."[2] *Id.* When these sources provided information to government law enforcement personnel in the course of the investigation, "it was the established policy of [Customs] – and it remains the current policy [] – to provide a source symbol code only for sources who have been expressly assured confidentiality." *Id.*

---

[2] "A source symbol code is used as an administrative reporting tool to protect the actual, sensitive identity of a confidential source in records maintained by [Customs]." Marshall Decl. ¶ 8. The codes themselves properly are withheld under Exemption 2.

4

Where a law enforcement agency relies on express assurances of confidentiality to justify its decision to withhold information under Exemption 7(D), it must offer "probative evidence that the source did in fact receive an express grant of confidentiality." *Campbell v. United States Dep't of Justice*, 164 F.3d 20, 34 (D.C. Cir. 1998) (quoting *Davin v. United States Dep't of Justice*, 60 F.3d 1043, 1061 (3d Cir. 1995)). Such evidence may take many forms, including notations on the face of the withheld document, an official's personal knowledge about the source, a statement from the source, or documents discussing practices or policies for dealing with the source at issue or similarly situated sources. *Id.* Here, a declarant with "firsthand knowledge" of Customs' policy with respect to the assignment of source symbol codes explains that codes are assigned only to those expressly granted an assurance of confidentiality. Defs.' 2d Renewed Mot., Marshall Decl. ¶ 8. Defendant thus justifies its decision to withhold this information under Exemption 7(D).[3]

---

[3] Plaintiff's opposition neither mentions nor addresses Customs' decision to withhold information pertaining to confidential informants under Exemption 7(D). If "a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (citations omitted); *Stevenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002). Customs' motion, then, will be treated as conceded.

III.  CONCLUSION

Defendants have shown their compliance with FOIA in responding to plaintiff's May 1998 FOIA requests.  Accordingly, summary judgment will be granted for defendants.  A final Order accompanies this Memorandum Opinion.

Signed this 5th  day of September, 2008.

/s/
RICHARD W. ROBERTS
United States District Judge